## WESTERN UNION TEL CO v DANCHES

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15153.   Decided March 16, 1936

Foote, Bushnell, Burgess & Chandler, Cleveland, for plaintiff in error.

Klein & Diehm, Cleveland, for defendant in error.

## OPINION

**PER CURIAM**

Aron Danches, defendant in error, obtained a judgment in the Municipal Court of Cleveland against the plaintiff in error, The Western Union Telegraph Company. Danches, a poultry dealer, had business transactions with a Mr. Samuel Gerber, who had access to the poultry market in Indiana, concerning the purchase of poultry for the Christmas retail trade. On December 15, 1932, Danches wired Gerber, as follows:

"Will know on turkeys tomorrow. Must buy cheaper."

The message delivered to Gerber was as follows:

"Will now buy turkeys and will buy chickens."

It is claimed that after Gerber received the message he went into the market and purchased turkeys for $1096.14 which was the amount Danches paid to him. There was a drop in the market on poultry and it may be taken, for the purpose of this case, as conceded that the difference between the amount paid by Danches to Gerber and the market price was $552.84. We shall assume, for the purpose of argument, that The Western Union Telegraph Company was negligent in the delivery of the telegram.

It must be conceded that the telegram delivered to Gerber was not the telegram sent by Danches. When Gerber brought the carload of poultry to Cleveland, Danches informed him of the mistake in the wire. Was Danches under any legal obligation to accept the carload of poultry? In our opinion, there was no contract between Danches and Gerber whereby Danches was obliged to accept the carload of poultry at the price charged to him. The Western Union Telegraph Company was not authorized by Danches to make a contract for him. The only authority lodged in The Western Union Telegraph Company was to deliver the message. If Gerber entered suit against The Western Union Telegraph Company on the ground that the delivery of the wrong message caused him to buy in the open market a carload of poultry and that he thereby sustained a loss, because Danches refused to accept this carlod of poultry, a different question would be presented. Danches, in our opinion, was under no legal obligation to accept this carload of poultry. The Western Union Telegraph Company had no authority to bind him by their mistake.

When Danches agreed, after a discussion with Gerber, to accept this carload of poultry, he did so after a full knowledge of the facts of the mistake which was made. Had he refused to accept it on the ground that the same is not in accordance with his telegram, he would have sustained no loss. It would be unreasonable to allow Danches who had full knowledge of the mistake, to waive aside his legal right not to accept the carload of poultry and to accept the same at the price charged by Gerber and then seek to hold The Western Union Telegraph Company for the difference between the market price and the price charged by Gerber and paid by Danches.

We are of the opinion that the motion for judgment at the close of the plaintiff's evidence should have been granted by the trial court.

Judgment of Municipal Court is reversed and final judgment entered in favor of plaintiff in error.

LIEGHLEY, PJ, LEVINE and TERRELL, JJ, concur.